United States District Court
for the
Southern District of Florida

| Sheldon L. Brodsky, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-62860-Civ-Scola |
| | ) | |
| USAA General Indemnity Company, Defendant. | ) | |

**Order on Defendant's Motion to Dismiss Count II**

This matter is before the Court on Defendant's motion to dismiss Count II of the Plaintiff's complaint. (ECF No. 3.) The Plaintiff filed a response (ECF No. 9) and the Defendant timely replied. (ECF No. 11.) For the reasons discussed below, the Court **grants** the Defendant's motion to dismiss Count II of the Plaintiff's complaint. (**ECF No. 3**.)

**I.    Background**

The Plaintiff in this case purchased homeowner's insurance from the Defendant to insure his property in Coral Springs, Florida. (ECF No. 1-2 at 2.) On or about July 8, 2019, Plaintiff's property was damaged by a wind, water, and/or a mold event. (*Id.* at 3.) According to the Plaintiff, the loss to his property was covered under his policy with the Defendant. (*Id.*) The Plaintiff alleges that the Defendant has failed to acknowledge coverage for the loss or provide payment of insurance proceeds to compensate him for his property damage. (*Id.*) On October 19, 2019, the Plaintiff filed a two-count complaint in state court against the Defendant for breach of contract and declaratory relief. The Defendant removed the case to federal court on November 18, 2019. (ECF No. 1.) The Defendant now moves to dismiss the Plaintiff's claim for declaratory relief (Count II).

**II.    Legal Standard**

**A. Federal Rule of Civil Procedure 12(b)(6)**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the

legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd.of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Declaratory Judgment

The Plaintiff's complaint is based only on Chapter 86, Florida Statutes, which is the state's version of the Declaratory Judgment Act. *See* Fla. Stat. § 86.021. Florida Statute Section 86.021 provides for a declaration of rights or status where a party to an agreement is in doubt as to his or her rights. *City of Hollywood v. Fla. Power & Light, Co.*, 624 So.2d 285 (Fla. 4th Dist. Ct. App. 1993). Florida Statute § 86.101 provides that it is substantive law. Fla. Stat. § 86.101. The state statute is, however, a procedural mechanism that confers subject matter jurisdiction on Florida state courts. *Nirvana Condominium Ass'n, Inc., v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n. 1 (S.D. Fla. 2008) (Graham, J.). There is nothing in this particular statutory provision that confers any substantive rights. *Id.* As a practical matter, however, the elements required under the federal or state declaratory-judgment acts are not materially different. *Compare Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1346 (11th Cir.1999), with *Floyd v. Guardian Life Ins.* Co., 415 So.2d 103, 104 (Fla. 3d Dist. Ct. App. 1982).

Courts have discretion in deciding whether to allow a declaratory action to proceed. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995). A court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. The only relevant inquiry in a motion to dismiss a declaratory-judgment action is whether or not the plaintiff is entitled to a declaration of rights. *Tobon v. Am. Sec. Ins. Co.*, No. 06-61912-Civ, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007) (McAliley, Mag.

J.) "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *McIntosh v. Harbour Club Villas*, 468 So. 2d 1075, 1080–81 (Fla. 3d Dist. Ct. App. 1985) (Nesbitt, J. concurring); *see also Taylor v. Cooper*, 60 So. 2d 534, 535–36 (Fla. 1952).

## C. Analysis

The Defendant argues that the Plaintiff's claim for declaratory relief should be dismissed because it is duplicative of the breach of contract claim. (ECF No. 3 at 3.) Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim. *See Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (Altonaga, J.) (finding plaintiff's declaratory judgment claim could affect future payments or rate increases under the existing contract and so sought different relief than the plaintiff's breach of contract claim). But even so, claims for declaratory judgment must look forward, rather than backward, as any retrospective declaratory judgment would be equally solved by resolution of the breach of contract claim. *Id.*

If the determination of the plaintiff's breach of contract claim involves the same factual dispute as the declaratory judgment claim, then the "Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim" and consequently "the declaratory action must be dismissed." *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-Civ, 2016 WL 4574919, at *5 (S.D. Fla. Sep. 1, 2016) (Goodman, Mag. J.) (quoting *Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1–2 (S.D. Fla. June 21, 2010) (Cooke, J.)). "[T]wo concerns dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of contract claim and judicial economy." *Kenneth F. Hackett & Associates, Inc. v. GE Capital Info. Tech. Solutions, Inc.*, No. 10-20715-CIV, 2010 WL 3981761, at *5 (S.D. Fla. Oct. 8, 2010) (Altonaga, J.).

Count I of the Plaintiff's complaint, alleging breach of contract, requests damages related to the property damage suffered during the wind, water, and/or mold event to the extent that the Defendant did not cover the loss. (ECF No. 1-2 at 4.) In Count II, the Plaintiff seeks a laundry list of declarations from this Court: (a) a declaration that the Defendant is in breach of the insurance contract; (b) that the conditions precedent are waived and/or a declaration regarding the insured's specific requirements; (c) that the Plaintiff is in compliance with the

policy; (d) that the Plaintiff's loss is a result of direct, physical loss to the property; (e) order full disclosure of documents and allow full and liberal discovery; (f) determine the applicable law, including the provisions of Florida Statutes that apply; (g) declare each policy provision not in conformity with Florida law be amended to comply with Florida law; (h) declare that any ambiguities in the statute or policy be construed in favor of insurance coverage; (i) declare that the statutes and policy provisions be construed strictly against the insurer; (j) declare that the policy provides coverage for the loss; (k) declare that the Plaintiff is entitled to attorneys' fees; (l) determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy; and (m) awarding any and all other equitable relief this court deems just and proper. (ECF No. 1-2 at 9-10.)

Subsections (a)-(d) seek a declaration of rights that the Defendant breached the contract, that the Plaintiff has complied with the policy, and that he is entitled to damages. (*See id.* at 9.) The determination of the Plaintiff's breach of contract claim will resolve these alleged disputes: specifically, to what extent the property damage is covered under the policy and whether the Plaintiff is entitled to recover under the policy. The remaining requests are not appropriate grounds for declaratory judgment. For example, subsection (e) requests that the Defendant comply with the Rules of Civil Procedure during discovery. Subsection (f) requests that the Court apply the law. And subsections (h) and (i) request that the Court make certain legal presumptions when interpreting the insurance contract. As in any other case, the Court will follow the law and the parties will be expected to follow the Rules. Therefore, the Plaintiff will be able to secure full, adequate, and complete relief through the breach of contract claim. Accordingly, the Court grants the Defendant's motion to dismiss Count II.

**D.     Conclusion**

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss Count II. (**ECF No. 3**.)

**Done and ordered** at Miami, Florida, on January 15, 2020.

_____
Robert N. Scola, Jr.
United States District Judge